IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL D. HESS,**

    **Petitioner,**

v.                                         **Civil Action No. 1:18cv223**
                                                          **(Judge Kleeh)**

**STATE OF WEST VIRGINIA,[1]**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On December 17, 2018, Michael D. Hess [hereinafter referred to as Petitioner], a state inmate incarcerated at the Eastern Regional Jail ("ERJ") in Martinsburg, West Virginia, filed an unsigned petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. ECF No. 1. With his petition, Hess also filed a motion for leave to proceed as a pauper and a copy of his Prisoner Trust Account Report, which was filled out by himself, not by the prison's trust officer; he did not attach its Ledger Sheets. ECF Nos. 2, 3. On that same date, Petitioner was sent a Notice of Deficient Pleading. ECF No. 5.

This matter is now pending on initial review pursuant to LR PL 2.

Because the petition is due to be summarily dismissed, there is no need for Petitioner to correct his deficient pleadings or pay the filing fee. Accordingly, Petitioner's motion to proceed as a pauper was denied as moot by separate order entered December 18, 2018. ECF No. 6.

### II. Factual Background

---

[1] Rule 2 of the Rules Governing §2254 Cases in the United States District Courts states that "[i]f the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody." Here, Petitioner is incarcerated at the ERJ, thus, his custodian is John Sheeley, the Warden of the ERJ. The Clerk will be directed to correct the docket.

On October 1, 2018 in Case No. 19-2018-F-84 in the Circuit Court of Jefferson County, West Virginia, pursuant to a written plea agreement dated September 14, 2018, Petitioner plead guilty to Attempted Murder of the Second Degree, a lesser included offense of Count One, in violation of W.Va. Code § 61-11-8; Count Two, Strangulation, in violation of W.Va. Code § 61-2-9(d); Counts Three, Four, Six, and Eight, four counts of Malicious Assault, in violation of W.Va. Code § 61-2-9(a); Count Nine, Domestic Battery, a misdemeanor, in violation of W.Va. Code § 61-2-28(a); Count Eleven, Unlawful Restraint, a misdemeanor, in violation of W.Va. Code § 61-2-14(g); and Count Twelve, Violation of a Protective Order, a misdemeanor, in violation of W.Va. Code § 48-27-903.[2]

Petitioner was sentenced the same day to not less than one year nor more than three years on Count One; not less than one year nor more than five years on Count Two; not less than two years no more than ten years on Counts Three, Four, Six, and Eight; and to time served on Counts Nine, Eleven, and Twelve.[3] The sentences for time served imposed for Counts Nine, Eleven, and Twelve are to be served concurrent to one another; the sentences for Counts One, Two, Three, Four, Six, and Eight are to be served consecutively to the misdemeanor sentences imposed in Counts Nine, Eleven, and Twelve, for a total aggregate indeterminate sentence of not less than ten nor more than forty-eight years. Petitioner was also ordered to pay $8,237.82 in restitution to the West Virginia Crime Victim's Compensation Fund.

Although Hess' § 2254 petition avers that he filed an appeal of the judgment of conviction, he states that it was filed in Jefferson County Circuit Court; he provides another magistrate case

---

[2] This information is taken from a copy of the October 22, 2018 Conviction and Sentencing Order and the criminal docket in Case No. 19-2018-F-84, obtained from the Jefferson County Circuit Clerk's office by the *pro se* law clerk ("PSLC") assigned to this case.

[3] In his partially completed, unsigned petition, Hess provided a magistrate case number for his criminal case, and without specifying the year, stated that he was convicted on "July 20th" and sentenced on "Sept[.] 20th." ECF No. 1 at 1.

number for the "appeal," and states that he never got any response to this "appeal." ECF No. 1 at 2. A telephone call by the PSLC to the Clerk of the West Virginia Supreme Court of Appeals ("WVSCA") reveals that Petitioner has never filed any direct appeal of his conviction there.

Further, upon inquiry by the PSLC to the Clerk of the Jefferson County Circuit Court, it is apparent that Petitioner has never filed a habeas petition in that court.

### III. Petitioner's Federal Habeas Corpus Claim

The petition is less than a model of clarity, but it appears that Petitioner is alleging that at some point, he was taken to a hospital in a "demented capacity" under emotional "insanity" after catching his wife cheating [ECF No. 1 at 6]; subsequently was held on a "high bail [id. at 9];" his public defender "worked with" the prosecutor to "get rid of evidence [id.];" he signed an earlier, more favorable plea, but that on the day the sentencing hearing was scheduled the prosecutor "backed out" and the sentencing hearing was continued. Id. at 11. He alleges that when he "came back" he was told that the "hearing proceeded without" him and if he did not take the new plea, he would get life. Id. He alleges he was coerced into taking the plea, and that his appointed counsel did not tell him anything and kept him "in [the] dark." Id. He also alleges that counsel was ineffective because he never responded to his phone calls, only talked to him "moments before the hearing," and that when he tried to tell his side of the story, his lawyer cut him off and told him to take the plea. Id. at 13.

Further, Petitioner appears to be making a claim that he was mentally unstable, presumably when he entered his plea, and that he should have been given a psychiatric evaluation. Id. at 6, 16, 20. He alleges that he "never got a response" to his appeal. Id. at 14. In response to the question on his form § 2254 petition, asking if he had exhausted each ground raised, he replied variously "no one responded [id. at 6];" "I turned Lawyer Steven Miller into Lawyer Disaplinary [sic]

3

Counsel [id. at 9];" "Judge procicuter [sic] my lawyer all on same side [id. at 11];" and "I never got a response to my appeal." Id. at 14.

As relief, he requests a psychiatric evaluation and a lesser sentence. Id. at 20.

### IV. Analysis

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b). The petitioner bears the burden of proving exhaustion. See Beard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907. 911 (4th Cir. 1997).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from her conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D. W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[4] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is the petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), *cert. denied,* 523 U.S. 371 (1998)..

Here, despite his contentions in the petition to the contrary, Hess has apparently never filed a direct appeal of his conviction and/or sentence, or a state habeas petition regarding the allegations he raises here in his federal petition. Thus, it is apparent that Petitioner has failed to exhaust state

---

[4] Picard v. Connor, 404 U.S. 270 (1971).

remedies, and as a consequence, his petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 515-516 (1982).

### V. Recommendation

Based on the foregoing, it is recommended that the petition [ECF No. 1] be **DISMISSED without prejudice** to Petitioner's right to renew the same following exhaustion of state remedies.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of Court written objections identifying the portions of the Recommendation to which objections are made. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. A copy of such objections should also be submitted to United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of Court is **DIRECTED** to correct the docket by substituting John Sheeley, Warden of the Eastern Regional Jail instead of the State of West Virginia, as the Respondent in this action.

The Clerk is further directed to mail a copy of this Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to transmit a copy electronically to all counsel of record.

Finally, upon entry of this Report and Recommendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

Dated: December 19, 2018

/s/ *Michael John Aloi*  
MICHAEL JOHN ALOI  
UNITED STATES MAGISTRATE JUDGE